**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY DON EVANS, | No. 09-56925 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-00877-JM-RBB |
| v. | |
| WILLIAM B. KOLENDER, Sheriff; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Terry Don Evans, a California state prisoner, appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review for an abuse of discretion the district court's discovery rulings,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and we affirm.

Evans sent a letter to the district court requesting that the clerk process and serve five enclosed subpoenas to non-parties, which Evans had attempted to mail but were returned to him as undeliverable. In a Notice of Document Discrepancies, the clerk noted that Evans's request was "not grantable by Clerk without further direction of the Judge," and Magistrate Judge Brooks ordered that the letter be rejected and not filed. Evans did not file a motion for the district court to issue a subpoena duces tecum or order a U.S. Marshal to effect proper service, and has not shown any resulting prejudice. Accordingly, his contention that the district court refused to allow him to obtain documentary evidence by rejecting his letter request to the clerk is unpersuasive. *See Hallett*, 296 F.3d at 751 (trial court's broad discretion "will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant"); *see also* Fed. R. Civ. P. 45(b) (service of subpoenas).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**